FEDERICO F. BASORA, Plaintiff and Appellant, *v.* MANUEL PADILLA, Defendant; BERRÍOS HERMANOS, Intervener and Appellee.

No. 8661. Argued June 15, 1943.—Decided July 8, 1943.

---

316

*Ubaldo Aponte* for appellant. *F. R. Aponte* for defendant. *Rafael Dávila Ortiz* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The appellant, Basora, sued Manuel Padilla for collection of money in the Municipal Court of Yabucoa. The partnership of Basora Hermanos intervened in the suit, and the municipal court entered judgment in favor of the intervener, on August 21, 1942. On August 27, Basora appealed to the District Court of Humacao, and on September 10 he moved in the municipal court for an extension to file the transcript of record in the district court. The term allowed by law, which expired on September 16, 1942, was extended by the municipal court until September 25. The transcript was filed in the district court on September 23, 1942, that is, seven days after the expiration of the original term and two days before the extension allowed by the municipal court expired.

On September 28, 1942 the intervener moved in the district court for the dismissal of the appeal of Basora, on the ground that the transcript of record was filed in the district court more than twenty days after the date of appeal and

that the extension of that term granted by the municipal court was null. The motion to dismiss was granted, and the plaintiff-appellant, Basora, appealed to this court.

 The question to consider and decide is if the municipal court had the power to extend the period fixed by law for the filing of the transcript of record in the district court.

Section 1 of the Act to Regulate Appeals from Judgments of Municipal Courts in Civil Cases, approved on March 11, 1908 (Code of Civil Procedure, 1933 edition, p. 137), provides that the transcript of the record must be filed in the office of the secretary of the district court within twenty days after the filing of the notice of appeal; and it continues as follows in Spanish:

"Si la transcripción no fuere radicada en la corte de distrito dentro del término prescrito, o de la prórroga que *dicha corte* hubiera concedido al efecto, se desestimará la apelación." (Italics ours.)

The English text of the paragraph which we have just transcribed reads as follows:

"If the transcript is not filed in the district court within the time prescribed or within such additional time as may have been granted *by the court* for the purpose, the appeal shall be dismissed." (Italics ours.)

The intervener-appellee argues that, in accordance with the Spanish text, *supra,* which in its judgment is the text which should prevail, it is the district court which has the power to extend the time to file the transcript. On the other hand, the appellant alleges that the English text should prevail, on the ground that our statute, according to him, is an adaptation of §4838 and following Sections of the Revised Code of Civil Procedure of Idaho (Idaho Revised Codes, volume 2, p. 257).

A comparative study of our statute and of the said Sections of the Idaho Code, as well as the corresponding Sec-

tions of the California, Montana, and Oregon Codes, reveals that there is no similarity between those Codes and our Code. We therefore cannot sustain the contention of the appellant that our statute comes from continental United States and that we must therefore give preference to the English text.

Section 13 of the Civil Code establishes the rule which must be applied in the event a discrepancy exists between the English and Spanish versions of a local statute. In accordance with those rules, the text which must prevail is that in which the Act was originally drafted in either of the legislative houses, except in the following cases:

"(a) If the statute is a translation or adaptation of a statute of the United States or of any State or Territory thereof, the English text shall be given preference over the Spanish. (b) If the statute is of Spanish origin, the Spanish text shall be preferred to the English. (c) If the matter of preference cannot be decided under the foregoing rules, the Spanish text shall prevail."

Since the question of preference cannot be decided in this case by the rules established by §13 of the Civil Code, we are forced to decide, in accordance with paragraph (a) of that Section, that the Spanish text of §1 of the Act of March 11, 1908, must prevail over the English text.

The Spanish text of the statute in question is so clear that we are compelled to hold that the Legislature has conferred on the district court the power to extend the time to file the transcript in cases of appeal from judgments of municipal courts.

Since the extension granted in the instant case by the municipal court of Yabucoa was null because that court had no jurisdiction therefor, the district court did not err in granting the motion to dismiss the appeal.

The judgment must be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Snyder did not participate herein.